UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JAMES ADAMS, on behalf of himself and )
other Oklahoma citizens similarly situated, )
                                                                )
                   **Plaintiff,**         )
                                                                )
v.                                                                  )     Case No. 16-CV-0757-CVE-TLW

EAGLE ROAD OIL LLC, )
CUMMINGS OIL COMPANY, and )
JOHN DOES 1 through 25, )
                 **Defendant.**        )

## OPINION AND ORDER

Now before the Court are the following motions: Defendant Cummings Oil Company's Motion to Dismiss Plaintiff's Class Action Petition and Opening Brief in Support (Dkt. # 12); Defendant Eagle Road Oil LLC's Motion to Dismiss with Brief in Support (Dkt. # 19); and plaintiff's Motion to Remand (Dkt. # 26). Plaintiff argues that the case was improperly removed on the basis of federal question jurisdiction, because the class action petition filed by plaintiff in state court expressly excluded any lands subject to federal Indian law and plaintiff alleged only state law claims. Defendant Cummings Oil Company (Cummings) responds that plaintiff's petition uses the term "tribal land," which is a term of art under federal Indian law, and plaintiff's class definition fails to exclude certain land that is subject to regulation by the federal government. Cummings and Eagle Road Oil LLC (Eagle Road) also argue that plaintiff has failed to state a claim upon which relief can be granted.

**I.**

Plaintiff James Adams filed this case on behalf of himself and other similarly situated citizens of Oklahoma who suffered damage to personal and real property from earthquakes allegedly caused by defendants' disposal of wastewater into injection wells. Dkt. # 3-1. The case was filed in Pawnee County District Court. Plaintiff alleged claims of absolute liability or ultrahazardous activity, negligence, private nuisance, and trespass under Oklahoma law. Plaintiff seeks class certification of his claims, and he identifies the proposed class as follows:

> a) Citizens of Oklahoma;
>
> b) owning a home or business in Pawnee County, Creek County or Noble County (hereafter, the "Class Area");
>
> c) during the dates of seismic activity within the Class Area between September 3, 2016 to present (the "Class Period");
>
> d) excluded from the Class are all Class member properties on exclusive federal and/or tribal land; and,
>
> e) excluded from the Class are Defendants and their officers and directors, and the judge presiding over this action and his/her immediate family members.

Id. at 9.

On December 21, 2016, Cummings filed a notice of removal, and the removal was based on federal question jurisdiction under 28 U.S.C. § 1331. Eagle Road consents to the removal of the case. Dkt. # 3, at 6. Cummings states there are "lands within the Class Area to which fee title is held by an Indian owner in his/her own name subject to restrictions against alienation," but these lands cannot reasonably be described as "exclusive federal and/or tribal land." Id. at 4. Cummings cites the American Indian Agricultural Resource Management Act, 25 U.S.C. § 3713 (AIARMA), and states that federal courts have original jurisdiction over claims based on acts of trespass on

"Indian agricultural lands" as that term is defined in AIARMA. Id. Defendants argue that the Court has federal question jurisdiction over plaintiff's claims to the extent that plaintiff has alleged a class-wide trespass claim that includes restricted lands held in fee title by an Indian owner, because plaintiff is seeking relief that can be granted under AIARMA. Id. at 5. Cummings also cites the National Indian Forest Management Act, 25 U.S.C. § 3106 (IFMA), and claims that the definition of "Indian forest land" includes restricted lands that are within the class definition in plaintiff's petition. Id. at 5-6.

Cummings argues that plaintiff has failed to allege that its operation of any specific well caused an earthquake that damaged plaintiff's property, and plaintiff has not adequately alleged the causation element of any of his tort claims. Dkt. # 12, at 3-8. Cummings also argues that operating an injection well is not an ultrahazardous activity as a matter of law. Id. at 9-10. Eagle Road argues that plaintiff has not adequately alleged causation and that plaintiff has not plead his claims in compliance with federal pleading requirements. Dkt. # 19. Plaintiff has filed a motion to remand (Dkt. # 26) and asserts that this Court does not have subject matter jurisdiction over this case.

**II.**

The Court will initially consider plaintiff's motion to remand, because plaintiff has challenged the Court's subject matter jurisdiction over this case. Plaintiff argues that his class action petition expressly excludes "any tribe or member of a tribe owning land in trust or with federal restriction" and, under the well pleaded complaint rule, plaintiff could structure his complaint to avoid asserting claims that would give rise to federal question jurisdiction. Cummings responds that the term "tribal land" is a term of art that does not include land owned by individual Indians in trust

3

or restricted status, and Cummings argues that federal law governing Indian property owners must be applied to resolve the trespass claims of the individual Indian land owners.

Removal to federal court is proper when "a civil action includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c)(1). In deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to the plaintiff's claims. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes are construed narrowly and defendant bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[1]

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Federal question jurisdiction under § 1331 exists when a plaintiff pleads "a cause of action created by federal law" or a "state law claim[] that implicate[s] significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Cummings acknowledges that plaintiff has not alleged a claim created by federal law, but it argues that members of the proposed class could have claims that must be resolved by reference to federal law governing Indian lands. Dkt. # 15-16. In Grable, the parties to a state law case regarding seizure of property for unpaid taxes disputed the correct reading of a provision of the Internal Revenue Code. Grable, 545 U.S. at 311. Though the plaintiff lacked a federal claim for relief, the defendant removed the case to federal district court on the ground that the plaintiff's state law claim raised a federal question. Id. The Supreme Court noted that the variety of interests at issue in any such determination had "kept [the Court] from stating a 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Id. at 313-14. The outcome of the case turned on the proper reading of federal law and there were no other issues to be reached, and the interpretation of the provision in question was likely to set precedent for many other tax sale cases Id. at 314-15. The Supreme Court found the federal issue substantial enough to warrant removal on the basis of federal question jurisdiction. Id. at 314-15.

The Court has reviewed the notice of removal, and it appears that Cummings' argument for the existence of federal question is two-tiered. Cummings initially argues that "tribal land" is a term of art with an established meaning under federal law, and by excluding only "tribal land" from the scope of the proposed class definition the plaintiff has necessarily included individual Indian owners of land held in trust or restricted status. Based on the assumption that plaintiff intended to include owners of trust or restricted lands in the proposed class action, Cummings argues

5

that federal statutory or common law supplies trespass claims for the owners of trust or restricted land or, at least, that federal law will affect the trespass claims for owners of lands held in trust or restricted status.[2] The Court will begin by considering whether the proposed class action actually includes lands subject to federal regulation. Cummings cites 25 U.S.C. § 3501(12), which defines "tribal land" as "any land or interests in land owned by any Indian tribe, title to which is held in trust by the United States, or is subject to a restriction against alienation under laws of the United States." Federal regulations define "tribal land" as "any tract, or interest therein, in which the surface estate is owned by one or more tribes in trust or restricted status and includes such lands reserved for BIA administrative purposes." 25 C.F.R. § 162.003. However, land ceases to be considered "tribal land" once it is distributed or allotted to individual members of a tribe. United States v. Oklahoma Gas Elec. Co., 318 U.S. 206, 216 (1943); Yellowfish v. City of Stillwater, 691 F.2d 926, 929 (10th Cir. 1982). There were two methods by which land was conveyed to individual tribal members. United States v. Ramsey, 271 U.S. 467, 470 (1926). In a "trust allotment," the federal government held title to the land for a certain period of time, and title to the land was conveyed to the individual when the trust period expired. Id. The other method was known as a "restricted allotment," in which title was immediately conveyed to the individual, but the land was subject to a restriction on alienation for a period of time. Id. Some of the allotted land is still held in trust or restricted status, and Oklahoma "feature[s] a checkerboard of restricted and unrestricted parcels." See Gilmore v.

---

[2] It is not clear from Cummings' response to the motion to remand if Cummings is arguing that federal law provides an essential element of a trespass claim or if the cited federal statutes preempt or supplant state law as to the trespass claims of owners of trust or restricted lands. It will not be necessary to resolve this issue unless the Court finds that plaintiff has actually included the owners of trust or restricted land as possible members of the proposed class.

Weatherford, 694 F.3d 1160, 1164 (10th Cir. 2012). Cummings has submitted evidence that individual members of four Indian tribes reside in Creek, Pawnee, and Noble Counties, and Cummings has identified at least seven tracts of land that are held in restricted status. Dkt. # 33-1, at 4.

Plaintiff responds that he was not using the term "tribal land" to mean only land actually owned by an Indian tribe, and he intended to exclude all lands held in trust or restricted status from the definition of his proposed class. Dkt. # 27, at 6. Plaintiff has submitted an affidavit from Andrew Knife Chief, the executive director of the Pawnee Nation, and he states that all lands subject oversight by the Bureau of Indian Affairs (BIA) are considered "tribal" or "Indian" lands. Dkt. # 27-1, at 2-3. This includes land held in trust or restricted status for the benefit of a tribal member, even if the land is not owned by the tribe. Id. at 3. Plaintiff explains that he seeks to represent a class of individuals who are similarly situated to himself, and he does not own any land that is subject to oversight or regulation by the BIA. Dkt. # 27, at 6.

Cummings' argument for the existence of federal question jurisdiction is based entirely on its assumption that the definition of the proposed class includes land that it subject to regulation by the BIA. However, plaintiff's petition specifically excludes persons owning "properties on exclusive federal and/or tribal land" from the proposed class. Dkt. # 3-1, at 9. Cummings claims that plaintiff's use of the term "tribal land" does not specifically exclude lands held in trust or restricted status from the scope of the class, because "tribal land" refers only to land actually owned by a tribe. There is nothing in plaintiff's petition that would suggest that he intended to use "tribal land" only as it defined in federal statutes and regulations, and plaintiff's reference to "exclusive federal and/or tribal land" seems to refer more broadly to any land subject to oversight by the federal

government. Even if there is a dispute about the properties covered by plaintiff's proposed class, the Court does not find that this would give rise to federal question jurisdiction. A dispute over the definition of "tribal land" goes to the membership of plaintiff's proposed class action, and this dispute does not by itself give rise to federal question jurisdiction. Disputes over matters concerning class certification in state court, such as membership in the proposed class, are purely matters of state procedural law. Cummings should have sought clarification from the state court about whether the proposed class would include lands held in trust or restricted status for the benefit of tribal members. Instead, Cummings assumed that plaintiff intended to define "tribal land" as only lands owned by an Indian tribe, and removed the case to federal court on the basis that federal laws applying to trust or restricted lands would apply to members of plaintiff's proposed class. This assumption is not supported by the plain language of plaintiff's petition and is refuted by plaintiff. The Court does not find that the putative class action filed by plaintiff would necessarily include individual Indian owners of trust or restricted lands as members of the class.

Based on this finding, the Court concludes that it lacks federal question jurisdiction over this case, and the case should be remanded to state court. Cummings removed the case to this Court on the assumption that plaintiff included owners of trust or restricted land, but the Court has determined that the plaintiff did not intend to include owners of land subject to regulation by the BIA in the membership of the putative class action. This means that federal law governing lands held by Indians in trust or restricted status will not be applicable to the claims of any potential class member and there is no substantial issue of federal law that would support removal of this case to federal court. Cummings may seek clarification from the state court as to whether any person owning trust

or restricted lands could be a member of the class, but this must be established before the case may be removable on the basis of federal question jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Dkt. # 26) is **granted**, and the Court Clerk is directed to **remand** this case to Pawnee County District Court.

**IT IS FURTHER ORDERED** that Defendant Cummings Oil Company's Motion to Dismiss Plaintiff's Class Action Petition and Opening Brief in Support (Dkt. # 12) and Defendant Eagle Road Oil LLC's Motion to Dismiss with Brief in Support (Dkt. # 19) remain pending for state court resoloution.

**DATED** this 12th day of April, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE